


U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

February 24, 2004

Roger A. Cox, Esquire
Cox & Cox
30 Main Street
Ashland, MA 01721

    Re:   <u>United States v. James P. Melanson</u>
           Criminal No. 03-10160-JLT

Dear Mr. Cox:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant in the possession, custody, or control of the government, which are known to the attorney for the government.

    b.    <u>Recorded Statements</u>

    Consensual tape recordings were made of telephone conversations and personal meetings involving the defendant. These recordings are further described in the DEA-6 reports enclosed with this letter and are available for your review. Copies will be made available for you.

c.  Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

d.  Oral Statements to Then Known Government Agents

I have enclosed with this letter a copy of a DEA-6 report prepared by Special Agent Michael Connolly summarizing the post-arrest statements made by the defendant on May 20, 1998.

2.  Defendant's Prior Record under Rule 16 (a)(1)(B)

I understand that you received a copy of the defendant's prior criminal record from Pretrial Services. Please let me know if you need a duplicate copy.

3.  Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents, and tangible items which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.  Reports of Examinations and Tests under Rule 16 (a)(1)(D)

I have enclosed with this letter copies of DEA-7 reports concerning the cocaine purchased from him and recovered from his residence.

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.  Search Materials under Local Rule 116.1(C)(1)(b)

A search was conducted at the defendant's residence on May 20, 1998 by DEA. I have enclosed with this letter a copy of a DEA-6 report prepared by Special Agent Michael Connolly describing the search and the evidence that was seized.

C.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is contained in the DEA-6 reports that are enclosed with this letter. The conversations on these tape recordings are in English.

E.   <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread, or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

   2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be

subject to a motion to suppress or exclude.

   3.   The following promises, rewards, or inducements have been given to the cooperating witness whom the government anticipates calling in its case-in-chief: the cooperating witness's cooperation was made known to a New Hampshire state prosecutor in connection with a 1995 narcotics case in state court in New Hampshire; this case was nol prossed. Pursuant to Local Rule 116.6, the government declines to disclose the identity of the cooperating witness at this time on the ground that such disclosure at this time would be detrimental to the interests of justice.

   4.   The government is aware that the cooperating witness has a criminal record, including convictions for (1) dealing in explosive materials without a license, transport of explosive materials in interstate commerce, and transport of explosives by a felon - 1986 - United States District Court in Boston; (2) reckless conduct (with the use of a dangerous weapon and aggravated criminal mischief - 1986 - state court in Maine; (3) theft, burglary, and burglary - 1986 - state court in Maine; (4) driving to endanger and assault - 1986 - state court in Maine; and (5) burglary - 1981 - state court in Maine.

   5.   The government is unaware that the cooperating witness has any criminal cases pending at this time.

   6.   No percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue.

H.   Other Matters

   The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

   The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

   The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The times, dates, and places at which the alleged offenses were committed are set forth in the DEA-6 reports enclosed with this letter.

As you know, the government is not required to disclose Jencks Act materials until after the witness testifies at trial. In order to assist you in your preparation of this case, however, I have enclosed redacted copies of the following Jencks Act materials:

1. DEA-6 report (2 pages) of Special Agent Michael Connolly concerning a purchase of cocaine from the defendant on May 14, 1998;

2. Handwritten statement (1 page) of the cooperating witness concerning the cocaine purchase on May 14, 1998;

3. DEA-7 report (1 page) concerning Exhibit 1, the cocaine purchased on May 14, 1998;

4. DEA-6 report (1 page) of Special Agent Michael Connolly concerning a consensually-recorded telephone conversation with the defendant on May 17, 1998;

5. DEA-6 report (5 pages) of Special Agent Michael Connolly concerning a cocaine transaction, the defendant's arrest, and the recovery of cocaine on May 20, 1998; and

6. DEA-7 report (1 page) concerning Exhibit 2, the cocaine recovered on May 20, 1998.

Please feel free to contact me if you have any questions about the above items or if you need any further discovery materials from me.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Michael J. Pelgro
Michael J. Pelgro
Assistant U.S. Attorney

Enclosures

cc: Rex Brown
    Deputy Clerk to the Honorable Joyce London Alexander
    (w/o enclosures)