

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

April 5, 2004

Roger A. Cox, Esq.
Cox & Cox
30 Main Street
Ashland, MA  01721

  Re: <u>United States v. James Melanson</u>,
     Criminal No. 03-10160-JLT

Dear Mr. Cox:

  This letter sets forth the Agreement entered into between
the United States Attorney for the District of Massachusetts
("the U.S. Attorney") and your client, James Melanson
("Melanson"), in the above-captioned case.  The Agreement is as
follows:

  1. **Change of Plea**

  At the earliest practicable date, Melanson shall plead
guilty to Counts One, Two and Three of the above-captioned
indictment.  Melanson expressly and unequivocally admits that he
in fact knowingly, intentionally, and willfully committed the
crimes charged in Counts One, Two and Three of the indictment,
and is in fact guilty of those offenses.

  2. **Penalties**

  Melanson faces the following minimum and maximum
penalties:

  On each of Counts One and Three of the indictment in this
case, Melanson faces a maximum sentence of 40 years'
imprisonment, a fine of at least $2,000,000, a term of supervised
release of at least four years and up to life, and a special

1

assessment of $100. In addition, on each of Counts One and Three of the indictment in this case, Melanson faces a minimum-mandatory sentence of five years' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(B)(ii).

On Count Two of the indictment, Melanson faces a maximum sentence of twenty years' imprisonment, a fine of up to $1,000,000, a term of supervised release of at least three years and up to life, and a special assessment of $100.

### 3. Sentencing Guidelines

The parties will take the following positions at sentencing with regard to offense conduct, adjustments, and criminal history under the United States Sentencing Guidelines ("Sentencing Guidelines"):

#### (a) Base Offense Level

For the purpose of determining Melanson's Base Offense Level ("BOL") pursuant to § 2D1.1(a)(3) of the Sentencing Guidelines, the parties agree that the total quantity of cocaine attributable to Melanson is at least 500 grams but less than two kilograms. Accordingly, the parties agree that Melanson's BOL is 26.

#### (b) Role in the Offense

The parties agree that no adjustment should be made to Melanson's offense level due to his role in the offense conduct, that no other adjustments are applicable, and that his Adjusted Offense Level ("AOL") is 26.

#### (c) Acceptance of Responsibility

Based on Melanson's prompt acceptance of personal responsibility for the offenses in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Melanson's AOL under § 3E1.1 of the Sentencing Guidelines. This recommendation is conditioned upon Melanson's full, complete, and truthful disclosure to the U.S. Probation Office of all information requested concerning the circumstances surrounding his commission of the offenses to which he is agreeing to plead guilty, his criminal history, and his financial condition. Melanson expressly understands that the Court is not obligated to accept the U.S. Attorney's recommendation on such a reduction.

The U.S. Attorney will not recommend a reduction under § 3E1.1 of the Sentencing Guidelines if Melanson:

 (1) Fails to admit a complete factual basis for the plea at the time it is entered;

 (2) Denies involvement in any of the offenses specified in paragraph one or gives conflicting statements about his involvement, or is untruthful with the Court or U.S. Probation Office;

 (3) Denies criminal responsibility for the conduct charged in the offense specified in paragraph one, such as by claiming that such conduct was the result of negligence or mistake;

 (4) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case after the date he enters into this Agreement;

 (5) Engages in acts after the execution of this Agreement which form a basis for finding that Melanson has obstructed or impeded the administration of justice under § 3C1.1 of the Sentencing Guidelines;

 (6) Intentionally fails to appear in court or violates any condition of release;

 (7) Engages in criminal conduct after the date he enters into this Agreement;

 (8) Transfers any asset protected in paragraph 6 of this Agreement; and/or

 (9) Attempts to withdraw his guilty plea or otherwise acts in a manner which is materially inconsistent with acceptance of responsibility for any of the offense in this case after the date he enters into this Agreement.

Melanson expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

### (d)   **Total Offense Level**

Based on the foregoing, the parties agree to take the position that Melanson's Total Offense Level ("TOL") is 23.

### (e)   **Criminal History**

The parties have reached no agreement with respect to the appropriate criminal history category to be applied in the determination of Melanson's sentence.  The U.S. Attorney expressly reserves the right to make whatever recommendation he deems appropriate with respect to Melanson's criminal history.

### (f)   **Guideline Sentencing Range**

The parties have reached no agreement with respect to the applicable Guideline Sentencing Range ("GSR").

### 4.   **Sentence Recommendation Without Substantial Assistance**

The U.S. Attorney agrees to recommend the following sentence before the District Court:

### (a)   **Incarceration**

A sentence of incarceration at the low end of the applicable GSR as determined by the Court at Melanson's sentencing hearing but not below any applicable minimum mandatory sentence.

### (b)   **Fine**

A fine at the low end of the applicable fine range, unless the Court finds, pursuant to § 5E1.2(e) of the Sentencing Guidelines, that Melanson is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

### (c)   **Supervised Release**

A term of supervised release of four years.

### (d)   **Mandatory Special Assessment**

A total special assessment of $300.

The U.S. Attorney and the Melanson agree that there is no basis for a departure from the sentencing range established by the Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Melanson will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below.

### 5.    **Payment of Mandatory Special Assessment**

Melanson agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless affirmatively relieved of this obligation by the District Court.

### 6.    **Waiver of Rights to Appeal and to Bring Collateral Challenge**

Melanson is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Melanson is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Melanson knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1)    Melanson's guilty plea and any other aspect of Melanson's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

> (2)    The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

> (3)    The imposition by the District Court of a sentence which does not exceed 60 months' imprisonment, even if the Court rejects one or more positions advocated by the U.S. Attorney or Melanson with regard to the application of the U.S. Sentencing Guidelines.

In consideration of the concessions made by the U.S.
Attorney in this Agreement, Melanson agrees not to seek to be
sentenced or resentenced with the benefit of any successful
collateral challenge of any counseled criminal conviction that
exists as of the date of this Agreement.

Melanson's waiver of rights to appeal and to bring
collateral challenges shall not apply to appeals or challenges
based on new legal principles in First Circuit or Supreme Court
cases decided after the date of this Agreement which are held by
the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of
the United States as set forth in 18 U.S.C. § 3742(b), and the
U.S. Attorney therefore retains his appeal rights.

### 7.    **Court Not Bound By Agreement**

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Melanson faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.  Melanson's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Melanson may
not withdraw his plea of guilty regardless of what sentence is
imposed.  Nor may Melanson withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing Court's calculations and sentence in any
subsequent appeal or collateral challenge.

### 8.    **Information For Presentence Report**

Melanson agrees to provide all information requested by the
U.S. Probation Office concerning his assets.

### 9.    **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Melanson may have incurred or may incur as a
result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.

### 10.  **Rejection of Plea By Court**

Should Melanson's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Melanson, this Agreement shall be null and void at the option of the U.S. Attorney.

### 11.  **Breach of Agreement**

If the U.S. Attorney determines that Melanson has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Melanson, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Melanson recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Melanson understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Melanson before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may have been made by him, and any information, materials, documents or objects provided by him to the government pursuant to this Agreement, and the proffer letter dated July 1, 1998, without any limitation.  In this regard, Melanson hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 12.  **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 13.  **Complete Agreement**

This letter contains the complete agreement between the
parties relating to the disposition of this case.  No promises,
representations or agreements have been made other than those set
forth in this letter and the proffer letter dated July 1, 1998.
This Agreement supersedes prior understandings, if any, of the
parties, whether written or oral, with the sole exception of
those contained in the proffer letter dated July 1, 1998.  This
Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the
U.S. Attorney and Melanson, please have Melanson sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness and return the original of this letter to Assistant U.S.
Attorney Michael J. Pelgro.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By: _____
                              JAMES B. FARMER
                              Assistant U.S. Attorney
                              Chief,
                              Criminal Division

                              STEPHEN P. HEYMANN
                              Assistant U.S. Attorney
                              Deputy Chief,
                              Criminal Division

                              MICHAEL J. PELGRO
                              Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

      I have read this agreement in its entirety and I have discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I am entering into this Agreement freely, voluntarily and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

X _James Melanson_
James Melanson
Defendant

Date: 3/17/04

      I certify that James Melanson has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_Roger A. Cox_
Roger A. Cox, Esq.
Attorney for James Melanson

Date: 03/17/04

9